UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

FREEDOM FROM RELIGION FOUNDATION, INC.,
GAIL VANN,
WAYNE VANN,
TAKU RONSMAN,
WENDY CORIELL,
MICHAEL BERGMAN,
JAMES WHITE,
JILL WHITE,
JEFFREY FONDRLIAK,
ROBERT HOWE,
AMY WOLF,                                                        Case No. _____
MICHAEL MATERNOWSKI,
ANGIE MOON,
ERIK EISENHEIM, and
MORGAN MICHAELA THOMPSON,

     Plaintiffs,
v.

CITY OF GREEN BAY, WISCONSIN,
CHAD FRADETTE, GREEN BAY CITY COUNCIL PRESIDENT, and
JIM SCHMITT, MAYOR OF GREEN BAY,

     Defendants

_____

# COMPLAINT
_____

     The Plaintiffs allege as their complaint as follows:

     1.    The Plaintiffs bring suit against the Defendants alleging violations of the Establishment Clause of the First Amendment of the United States Constitution and 42 U.S.C. §1983.

     2.    The Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is appropriate in the District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §1391 because one or more of the Defendants resides within this judicial district, and because the actions giving rise to the claims occurred within the district.

4. The Plaintiff, Freedom from Religion Foundation, is a Wisconsin non-stock corporation with its principal office in Madison, Wisconsin.

5. The Plaintiff, Freedom from Religion Foundation, has more than 11,000 members who are opposed to government endorsement of religion and violation of the Establishment Clause of the First Amendment to the United States Constitution.

6. The membership of the Plaintiff, Freedom from Religion Foundation, includes residents of the City of Green Bay.

7. The organizational purpose of the Plaintiff, Freedom from Religion Foundation, is to protect the fundamental constitutional principle prohibiting government endorsement of religion, which the foundation does by representing and advocating on behalf of its members.

8. The Plaintiff, Freedom from Religion Foundation, in its representational capacity, and including resident Green Bay members, is opposed to government actions that establish or give the appearance of endorsement of religion, including by advancing and promoting religion.

9. The Plaintiffs, Gail and Wayne Vann, are adult individuals residing in Green Bay, Wisconsin, and they are opposed to government actions that advance, endorse, and/or promote religion.

10. The Plaintiff, Taku Ronsman, is an adult individual residing in Green Bay, Wisconsin, and she is opposed to government actions that advance, endorse, and/or promote specific religions in preference to less favored religions. She is a Unitarian Universalist. The

Defendants refused to allow her to display a symbol of her religion along with the City's Nativity scene.

11. The Plaintiff, Wendy Coriell, is an agnostic adult individual residing in Green Bay, Wisconsin, and she is opposed to government sponsorship of religion. The Defendants refused to allow her to display a personal symbol of meaning along with the City's official Nativity scene.

12. The Plaintiff, Michael Bergman, is an adult resident of Green Bay, Wisconsin, and a devout Buddist, and he is opposed to preferential government sponsorship of religion, including the City's Nativity scene, which he encounters daily. The Plaintiff has sought permission to display a Buddist religious symbol in May.

13. The Plaintiffs, James White and Jill White, are adult residents of Green Bay, Wisconsin, who are opposed to government sponsorship of religion, including the City's Nativity display, and they have avoided going to City Hall despite reason to otherwise do so.

14. The Plaintiff, Jeffrey Fondrliak, is an adult resident of Green Bay, Wisconsin, and a Lutheran, who is opposed to government sponsorship of religion, including the City's Nativity scene, and he passes by City Hall regularly in his work.

15. The Plaintiffs, Robert Howe and Amy Wolf, are adult residents of Green Bay, Wisconsin, and they are opposed to government sponsorship of religion, including the City's Nativity scene.

16. The Plaintiff, Angie Moon, is an adult resident of Green Bay, Wisconsin, who is opposed to preferential government sponsorship of religion, including the City's Nativity scene.

17. The Plaintiff, Michael Maternowski, is an adult resident of Green Bay, Wisconsin, who is opposed to government sponsorship of religion, including the City's Nativity scene.

18. The Plaintiff, Erik Eisenheim, is an adult resident of Green Bay, Wisconsin, and a life-long Episcopalian, and he is opposed to government sponsorship and advocacy of religion, including the City's Nativity scene.

19. The Plaintiff, Morgan Michaela Thompson, is an adult resident of Green Bay, Wisconsin, and she is a practicing Wiccan, and she is opposed to the preferential government sponsorship of religion, including the City's Nativity scene.

20. The Defendant, City of Green Bay, is a duly organized Wisconsin municipality. The Defendant, City of Green Bay, is sued for violations of the Establishment Clause that have occurred pursuant to decisions constituting the official policy and practice of the City.

21. The Defendant, Jim Schmitt, is an adult individual residing in Green Bay, Wisconsin, and he is the mayor of Green Bay.

22. The Defendant, Chad Fradette, is an adult individual residing in Green Bay, Wisconsin, and he is the President of the City Council of the City of Green Bay.

23. The public sponsorship of religious displays, including Nativity scenes, in prominent public places is a divisive issue.

24. Objection was recently made, for example, to the public display of Nativity scenes in Peshtigo and in Manitowoc, Wisconsin, including by the Plaintiff, Freedom From Religion Foundation.

25. The Defendant, Council President Fradette, knew of the divisiveness of public displays of religious symbols, including in Peshtigo.

4

26. Council President Fradette considers the objection to public displays of religious symbols to represent the views of political outsiders, whose views are allegedly not in keeping with acceptable local views held in Green Bay.

27. Council President Fradette, accordingly, deliberately undertook to place a Christian Nativity scene in a prominent place on the Green Bay City Hall, in order to provoke and challenge persons who object to the public display of religious symbols.

28. Council President Fradette obtained approval to place a Nativity scene prominently on the Green Bay City Hall, an official site of government business, which approval he obtained on December 11, 2007, without advance notice under open meeting laws, from a Green Bay City Council Advisory Committee, chaired by Fradette, who also then obtained permission from Mayor Schmitt to immediately place the Nativity scene prominently on the roof of the City Hall entrance, at a position of high visibility. Mayor Schmitt claims to have historical oversight of the decoration of City Hall for the Christmas season.

29. Council President Fradette and city maintenance workers placed the Nativity scene prominently at the entrance of City Hall, on December 11, 2007, which display included a statue of Joseph, Mary and Jesus. The location of the Nativity scene prominently at the entrance of City Hall was intended to be highly visible so as to attract maximum attention.

30. The Nativity scene is an inherently Christian religious display that is intended to have religious significance.

31. Council President Fradette intended to send a message of endorsement of religion by placing the Nativity display on City Hall and he also intended to convey a message that persons who object to the public display of religious symbols are political outsiders.

5

32. Council President Fradette intended to convey a public message of provocation on behalf of the City of Green Bay, which he admitted by publicly challenging persons who object to the public display of religious symbols to confront religious proponents in Green Bay, rather than Peshtigo.

33. Council President Fradette intended to endorse religion by emphasizing the religious significance of Christmas to political insiders, including himself.

34. In an effort to mute the immediate opposition to the public placement of the Nativity scene on City Hall, the Defendants then determined ad hoc to also allow the display of other symbols, as determined by City officials. A Wiccan wreath was placed with Mayor Schmitt's permission on the City Hall roof late on December 14, 2007, but subsequently the wreath was vandalized and removed on the morning of December 17, 2007.

35. The prominent display of religiously significant symbols on the Green Bay City Hall has in fact been publicly provocative and divisive. Many Green Bay residents, including these Plaintiffs, are opposed to the public sponsorship of religion represented by the Nativity scene, and opposition includes persons of religious belief; local newspaper editorials also have opposed the prominent display of the Nativity scene on City Hall.

36. Because of the divisiveness of the public display of religious symbols on the Green Bay City Hall, the Defendants subsequently announced and implemented, on December 17, 2007, a moratorium on the public display of any religious symbols, other than the Christian Nativity scene already placed on City Hall by Council President Fradette; Mayor Schmitt later cast the decisive vote for this official policy at a City Council meeting on December 18, 2007.

6

37. The decision to allow Council President Fradette's Nativity scene to remain publicly displayed on City Hall, to the exclusion of other religious symbols, constitutes the official policy of the Defendant, City of Green Bay.

38. The Plaintiffs Ronsman and Coriell are opposed to the public display of religious symbols in a manner that preferentially conveys endorsement, promotion and/or advancement of religion, which Council President Fradette's Nativity scene does effectuate.

39. The Plaintiffs Ronsman and Coriell, therefore, sought to display a symbol of their own along with the Nativity display on City Hall, which they were originally given permission to do.

40. The Defendants, however, subsequently refused to allow the Plaintiffs Ronsman and Coriell, or others, to place any religious symbol on City Hall, so that Council President Fradette's Nativity scene remains the only religious display on City Hall.

41. The display of Council President Fradette's Nativity scene on City Hall is intended as an endorsement, and does give the appearance of endorsement, of religion, including Christianity.

42. The Defendants, including Council President Fradette, intend to promote religion, which is indicated even by anecdotal proposed guidelines for such displays that would limit displays to religious symbols, which could only be placed on display during the Christmas holiday season. Limiting displays to the Christmas season reflects a bias for the Christian religion, and limitation to religious symbols gives the appearance of preferring religion over non-religion. The Plaintiff, Bergman, significantly, has sought permission to display a Buddist symbol in May, to coincide with a religious Buddist holiday.

7

43. The Defendant, Mayor Schmitt, has publicly stated that religious displays at Christmas time merely reflect recognition that Christmas is a "serious holiday."

44. The Defendants, through their actions, are endorsing, and give the appearance of religious endorsement, including the preference for religion in general over non-religion, as well as preference for religions that are considered legitimate.

45. The actions of the Defendants violate the Establishment Clause of the First Amendment of the United States Constitution and §1983 of Title 42 of the United States Code.

46. The Establishment Clause prohibits the display of inherently religious symbols, such as a Nativity scene, as the sole focus of a display on government property. The United States Supreme Court has long adhered to this prohibition, including in <u>County of Allegheny v. ACLU of Pittsburgh</u>, 492 U.S. 573 (1989).

47. The Defendants' actions have violated the fundamental principle prohibiting government endorsement of religion.

48. The activities of the Defendants impermissibly advance, endorse, and promote the establishment of religion in violation of the Establishment Clause of the First Amendment to the United States Constitution.

49. The actions of the Defendants have occurred under the color of State law.

50. The Defendants' actions give the appearance of governmental endorsement of religion, including the endorsement of the personal religious preferences of political insiders.

51. The Defendants' actions convey a message that religion is favored, preferred, and promoted by the City of Green Bay and its officials.

52. The actions of the Defendants violate 42 U.S.C.§1983 because the Defendants are violating the United States Constitution, while acting under color of State law, including

violations by the City of Green Bay, which has authorized the placement of Council President Fradette's Nativity scene on City Hall as a matter of City policy.

53. The Defendants acted deliberately with an intent to provoke and with the purpose to achieve publicity for the display of religious symbols at prominent public sites.

54. The Defendants acted in willful disregard of the Constitutional principles of the Establishment Clause.

55. Public and private communications by the Defendants reflect their intent to provoke and marginalize persons who do not share their views regarding the public display and promotion of religion by the City.

56. The individual Defendants intended to publicly affiliate the City of Green Bay, including its official government institutions, with the support of religion, which affiliation is deliberately emphasized so that objectors and dissenters are shown to be political outsiders and discouraged from challenging the official view that public sponsorship of religious displays is an appropriate exercise of government authority.

57. The Defendants' actions constitute government speech deliberately intended to be broadcast as officially accepted dogma, and which hostile message is intentionally directed at political outsiders; the Defendants further intend to communicate a public message that religious adherents are political insiders, in part because of their religion.

58. Council President Fradette deliberately used his public office to place an inherently Christian symbol prominently on government property at the entrance to City Hall, the principal location of local government, rather than on his private property, precisely in order to antagonize, offend and challenge those persons who object to the public sponsorship of religious symbols on government property.

9

Case 1:07-cv-01151-WCG    Filed 12/26/07    Page 9 of 11    Document 1

59. The Defendant intended that the display of a Nativity scene on City Hall would be publicly broadcast as a message of provocation to those who object to the governmental sponsorship and establishment of religion.

60. The Defendants acted deliberately to create political divisiveness by making religion relevant to a person's standing in the community; they acted to publicly provoke as public officials, instead of exercising private rights of conscience.

WHEREFORE, the Plaintiffs demand judgment as follows:

A. For a declaration that the actions of the Defendants violate the Establishment Clause of the First Amendment to the United States Constitution and 42 U.S.C. §1983;

B. For an order enjoining the Defendants from promoting, advancing, or endorsing the establishment of religion by public displays of religious symbols that give the appearance of government sponsorship of religion;

C. For judgment awarding such further relief as the Court deems just and equitable; and

D. For judgment awarding the Plaintiffs their reasonable costs, disbursements and attorneys fees as allowed by law, pursuant to 42 U.S.C. §1988.

Dated this 24th day of December, 2007.

**BOARDMAN, SUHR, CURRY & FIELD, LLP**
By:

/s/ Richard L. Bolton
Richard L. Bolton, State Bar No. 1012552
Attorneys for Plaintiffs
1 S. Pinckney Street, 4th Floor
P. O. Box 927
Madison, WI 53701-0927
PH: (608) 257-9521   FX: (608) 283-1709
rbolton@boardmanlawfirm.com

F:\DOCS\wd\26318\14\A0621263.DOC